**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-40306**
_____

**ROGER LEE PUGH,**

**Plaintiff-Appellant,**

**versus**

**JAMES A COLLINS, DIRECTOR,**
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**
**INSTITUTIONAL DIVISION, Walls Unit;**
**Nurses, Male and Female, Skyview Unit;**
**CORRECTIONS OFFICERS, Skyview Unit,;**
**PSYCHIATRIC DOCTORS, Skyview Unit,**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:95-CV-497)
_____
November 21, 1996
Before WISDOM, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Roger Lee Pugh appeals the February 27, 1996 order of Judith K. Guthrie, United States Magistrate Judge, dismissing his 42 U.S.C. §1983 claim against former director Collins and unidentified doctors and nurses at the Skyview unit as frivolous. Finding no error, we affirm.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Appellant's one page brief, if most liberally construed, raises two issues: appointment of counsel and the legality of his treatment with psychotropic drugs.

Appellant writes in his brief that he is unable to understand the concepts in his complaint and needs the assistance of counsel. There is no general right to appointment of counsel in a civil case. Salmon v. Corpus Christi Indep. School Dist., 911 F.2d 1165, 1166 (5th Cir. 1990). The court may appoint counsel if necessary to advance the proper administration of justice. 28 U.S.C. §1915(e)(1). Appointment of counsel should be reserved for "exceptional circumstances." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). There is no showing of exceptional circumstances in this case. Appellant's request for appointment of counsel is denied.

Appellant also challenges the magistrate judge's conclusion that his treatment with psychotropic drugs was not in violation of the constitution. The magistrate judge found that appellant did not manifest a lack of consent to medication by injection, thus the due process requirements for involuntary medication were not triggered. Appellant refused to take his medication orally and signed a refusal of treatment form. However, appellant gave no indication of lack of consent to medication by injection and did not sign a refusal of treatment form for injections. The magistrate judge also found that the officials were prepared to comply with the procedural requirements of

<u>Washington v. Harper</u>, 494 U.S. 210 (1990), if appellant had refused treatment by injection.

There is no basis to dispute the conclusions of the magistrate judge. Pugh never refused to take medication by injection or notified prison officials that he would not voluntarily do so; on the contrary, after executing written refusal to take medication orally, he continued to take the injections without objection. Absent such a refusal or objection, duly communicated to prison officials, there is no involuntary medication claim, and the Due Process protections of <u>Washington v. Harper</u> were not implicated. Consequently, Pugh's involuntary medication claim under § 1983 was wholly without merit, and the district court did not abuse its discretion in dismissing the involuntary medication claim as frivolous pursuant to § 1915(e). The judgment of the court is, therefore,

<u>AFFIRMED</u>.